UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ted Bowman, | ) | CASE NO. 16 CV 2084 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| City of Olmsted Falls, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant Luke McConville's Motion for Summary Judgment (Doc. 12). Also pending is the Motion of Defendant Neal P. Grossman for Summary Judgment (Doc. 13). This matter arises out of the sale of property owned by plaintiff. For the reasons that follow, the motions are GRANTED. The claims asserted against defendants McConville and Grossman are dismissed for lack of subject matter jurisdiction.

**FACTS**

Plaintiff Ted Bowman brings this action against defendants, City of Olmsted Falls (the

1

"City"), Robert W. McLaughlin, Luke F. McConville, and Neal P. Grossman, alleging wrongdoing in connection with the taking of certain property owned by defendant ("Property"). Only those facts necessary for a resolution of the instant motions are set forth herein. The City instituted a nuisance action against plaintiff in state court. The state court appointed defendant McConville to act as the court appointed receiver. McConville, in turn, appointed defendant Grossman to act as the auctioneer in connection with the state court proceeding.

According to the complaint, defendants McConville and Grossman (sometimes, collectively "Moving Defendants") removed dozens of pieces of machinery and equipment from the Property. McConville failed to timely file inventory and expense reports. According to the complaint, the reports eventually filed by McConville failed to account for certain items removed from the Property. On March 1, 2016, Grossman conducted an auction at which plaintiff's property was sold. Plaintiff alleges that at no point did he receive prior notice of the sale. In addition, plaintiff alleges that Grossman failed to follow certain required procedures. For example, plaintiff claims that the items identified for sale were not presented to the state court for approval. In addition, the auction generated returns that were significantly below market value and the proceeds were entirely subsumed by the Moving Defendants' fees.

Thereafter, plaintiff filed the instant action asserting three claims for relief. Count one is a claim for violation of 42 U.S.C. § 1983 and is filed against defendants McLaughlin and the City.[1] Count two is a Fifth Amendment takings claim and appears to be asserted against the

---

[1] The Moving Defendants note that it is not clear whether the claim is asserted against them. Reading the complaint in the light most favorable to the plaintiff, the Court finds that the claim is not asserted against the Moving Defendants. *See, e.g. Compl.* ¶ 62 (expressly alleging claim against the City and McLaughlin and

City.  Count three alleges breach of fiduciary duty and is asserted against the Moving Defendants.

The Moving Defendants seek summary judgment against plaintiff and plaintiff opposes the motions.

**STANDARD OF REVIEW[2]**

When a court's subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party seeking to invoke jurisdiction bears the burden of proof. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton*, 798 F.2d 913, 915 (6th Cir. 1986).  This burden is not onerous. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).  The party need only show that the complaint alleges a substantial claim under federal law. *Id*.

A 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  Facial attacks question the sufficiency of the jurisdictional allegations in the complaint. *Id*.  Thus, those allegations must be taken as true and construed in the light most favorable to the nonmoving party. *Id*.  Factual attacks, however, challenge the actual fact of the court's jurisdiction. *Id*.  In such cases, the truthfulness of the complaint is not presumed. *McGee v. East Ohio Gas Co.*, 111 F.2d 979, 982 (S.D. Ohio

---

making no mention of the Moving Defendants).

[2]  As set forth herein, although couched in terms of summary judgment, the Moving Defendants' arguments challenge this Court's subject matter jurisdiction.  Accordingly, the Court applies this standard in assessing the motions.

2000) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990)). Instead, the Court may weigh any evidence properly before it. *Morrison v. Circuit City Stores, Inc.*, 70 F.Supp.2d 815, 819 (S.D. Ohio 1999) (citing *Ohio Nat'l*, 922 F.2d 320; *Rogers*, 798 F.2d 913).

When presented with a facial attack, the non-moving party "can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical*, 89 F.3d at 1248. Thus, such a motion will be granted only if, taking as true all facts alleged in the complaint, the Court is without subject matter jurisdiction to hear the claim. *Matteson v. Ohio State University*, 2000 WL 1456988 *3 (S.D. Ohio Sept. 27, 2000).

**ANALYSIS**

The Moving Defendants argue that the claims against them must be dismissed under *Barton v. Barbour*, 104 U.S. 126 (1881). The *Barton* doctrine provides that suit cannot be filed against a receiver without first obtaining leave from the appointing court. The Moving Defendants point out that plaintiff did not obtain leave from the state court before filing this lawsuit. In response, plaintiff argues that an exception to the *Barton* doctrine exists if the plaintiff asserts claims against the receiver in his personal capacity.

Upon review, the Court agrees with the Moving Defendants. It is well-settled that leave must be obtained from the appointing court before filing suit against a receiver. *Barton*, 104 U.S. 126. Ohio law is in accord. *See, e.g., PNC Bank, N.A., v. Kidz Real Estate Group, LLC*, 2013 WL 1385638 (Ohio Ct. App. April 5, 2013)(noting that "the trial court relied on long-established Ohio case law which holds that a party must have leave of court to bring suit against a receiver"); *Fusion Oil, Inc., v. American Petroleum Retail, Inc.*, 2006 WL 2010770 (N.D. Ohio July 17, 2006)("Under Ohio law, it is well-settled that a receiver cannot be sued, in the absence

of statutory authority, without leave of the court that appointed him."). This is so because

> as the receiver is appointed as an officer of the court, any suit against the receiver is a *de facto* suit against the appointing court itself. Further, the receiver ought not be required to respond to the possibility of conflicting orders of two or more superiors.

*Id*. (citations and quotations omitted).

There are, however, exceptions to this general rule. By way of example, most federal courts have held that if the receiver acts "*ultra vires*," *i.e.*, outside the receivership order, then leave need not be obtained. *See, e.g., Satterfield v. Malloy*, 700 F.3d 1231 (10th Cir. 2012). Thus, *Barton* does not apply if, for example, the receiver erroneously takes possession of property belonging to a third party not subject to the receivership. In such a situation, the third party need not seek leave before filing suit. This is so because the receiver's action is outside the scope of the receivership order.

Here, plaintiff argues that he asserts a claim against the Moving Defendants in their "personal capacities" and that Ohio courts have recognized such liability. Plaintiff relies on *INF Enterprises, Inc. v. Donnellon*, 133 Ohio App.3d 787 (Ohio Ct. App. 1999). That case, however, simply noted that receivers are not entitled to blanket judicial immunity. Rather, a receiver can be held personally liable if he "exceeds the authority granted by the court or fails to use ordinary care." The case, however, makes no mention of *Barton*, nor does it address the circumstances under which leave from the appointing court must be obtained. Similarly, the court addressed the personal liability of a receiver in *PNC Bank*. Again, the court did not hold that leave from the appointing court is not necessary. Rather, the court held that the appointing court erred in denying leave to file an action against the receiver. Plaintiff points to no law standing for the proposition that simply by alleging that the suit is filed in a "personal capacity,"

leave need not be obtained.

Here, plaintiff alleges that the Moving Defendants are liable for "intentionally and actively causing waste" and by "liquidating property...in an unreasonable matter [sic] and for substantially less than its value." Plaintiff alleges that these acts were done intentionally. Upon review, the Court finds that pursuant to *Barton*, plaintiff was required to obtain leave from the appointing court before instituting this action. These actions, even if taken "intentionally," fall directly within the scope of the duties imposed on the receiver pursuant to the state court's appointment order. The order required defendant McConville to take possession of the property, transfer it to his name, and sell the assets at the best obtainable price. The order required court supervision and approval. The actions alleged in the instant complaint all directly implicate the receivership order and the duties and obligations of the receiver thereunder. This is especially so in that plaintiff appealed the trial court's order approving the sale of the assets and the state court of appeals affirmed:

> Once appointed, the receiver remained in contact with the judge and the judge' s staff attorney. In fact, between the time that the court appointed the receiver in September 2015 and the time that the assets were sold five months later in February 2016, the court held three different hearings both to discuss the receiver's progress and [plaintiff's] uncooperative behavior. The transcript shows that the court had discussions with the receiver regarding the relative worth of certain items removed from the premises and whether those items would generate more profit being auctioned or scrapped based on the auctioneer's appraisals. During this time, the docket also reveals that the court ordered numerous conference calls to be held between the receiver, the parties, and the court's staff attorney, where presumably they discussed the progress of the removal and impending auction as well as any current or foreseeable problems. By the time the court ordered the sale, it had in its possession the receiver's progress report listing all the items he had removed from [plaintiff's] property. Thus, there is simply no indication in the record that the court failed to properly supervise the receiver and provide oversight for the sale.

(Doc. 13 at p.11).

6

Because plaintiff's complaints clearly challenge the execution of the receiver's duties falling within the confines of the receivership order, *Barton* requires that plaintiff obtain leave from the appointing court before filing suit. *See, Satterfield*, 700 F.3d at 1236 (rejecting plaintiff's argument that because he labeled his claims as torts asserted against the receiver in his personal capacity *Barton* did not apply). Because plaintiff failed to do so, the claims against the Moving Defendants must be dismissed.[3]

**CONCLUSION**

For the foregoing reasons, defendant Luke McConville's Motion for Summary Judgment (Doc. 12) and the Motion of Defendant Neal P. Grossman for Summary Judgment (Doc. 13) are GRANTED. The claims asserted against these defendants are dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/19/16

---

[3] *Barton* is jurisdictional in nature. *See, Barton*, 104 U.S. at 131 (absent leave, the court "has no jurisdiction to entertain suit"). Therefore, although the Moving Defendants seek summary judgment pursuant to Rule 56, the Court dismisses the claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See, Satterfield*, 700 F.3d at 1234.