**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Ted Bowman,** | ) | **CASE NO. 1:16 CV 2084** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **City of Olmsted Falls, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon Defendants City of Olmsted Falls and Robert W. McLaughlin's Motion for Summary Judgment (Doc. 28). This case arises out of actions taken by defendants against plaintiff in connection with his property. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Ted Bowman filed this Complaint against defendants City of Olmsted Falls (the City) and Robert W. McLaughlin.[1]

---

[1] Plaintiff had also named defendants Luke McConville and Neal Grossman who have been previously dismissed by this Court pursuant to a prior Memorandum of

1

Defendants present the following facts supported by the affidavits of McLaughlin, Santo Incorvaia (prosecutor and Assistant Law Director), and Angela Mancini (Clerk of Council), and the depositions of plaintiff and McLaughlin with incorporated exhibits. Plaintiff has owned property located in the City since May 2001 when he acquired it through a lot split. Plaintiff had previously occupied the property as the tenant of the property owners since 1993. When plaintiff acquired the property, it was zoned as Mixed Use Planned Development (MUPD). The zoning was changed in 2016 to Mixed Use Traditional Neighborhood District (MUTND). In April 2002, and through December 1, 2014, McLaughlin was the Chief Building Official for the City whereby he was responsible for the inspection and enforcement of state and city zoning, land use, construction, and building codes. Around June 2002, McLaughlin first became aware of zoning and use code violations on plaintiff's property when he observed a construction drive being built on the property without permits. According to McLaughlin, plaintiff has had numerous ongoing zoning and use violations on the property such as cutting down trees and building a driveway without the appropriate permits or submitting development plans for review as required under city code. Plaintiff has essentially used the property as a junk yard, storing several dilapidated vehicles, other scrap, waste and materials, and barrels with unknown contents- all in conflict with the permissible uses for the property. McLaughlin cited plaintiff for the driveway and the accumulation of junk and debris on the property. The citations were dismissed at one point so that plaintiff could seek a variance from the City.

In March 2006, plaintiff filed an Application to have his uses declared a legal pre-existing non-conforming use. The Board of Zoning Appeals (BZA) held a hearing and denied the

---

Opinion and Order.

2

application. The City Council affirmed the decision. Plaintiff appealed to the Cuyahoga County Court of Common Pleas which affirmed the decision.

Plaintiff continued to disregard the zoning and use codes for his property which resulted in new citations being issued and which were ultimately prosecuted through Berea Municipal Court.

Several of the City's citations against plaintiff resulted in litigation, but in April 2016, the City dismissed the pending cases in exchange for plaintiff's plea of guilty to violating City Ordinance 1210.03(B). Only a Verified Petition for Injunctive Relief filed by the City in the Cuyahoga County Court of Common Pleas, and alleging nuisance, remained pending. The parties entered into an agreed judgment entry in May 2015 whereby plaintiff agreed to remove a long list of items from his property by specified dates or the City would enter the property and remove it. Plaintiff failed to comply with the agreed judgment entry and was found to be in civil contempt. The court thereafter ordered the removal and auction of items from plaintiff's property. A receiver was appointed to oversee the process. Some items were then sold at auction. In September 2016, the Eighth District Court of Appeals affirmed the trial court order authorizing the receiver to sell the items at auction that were the subject of the nuisance action.

Plaintiff submits his own affidavit which sets forth the following pertinent facts. Since 1993, when plaintiff was merely a tenant on the property, and through 2000, when the former owners were considering selling a portion of the property, plaintiff had used a part of the property for the orderly storage of vehicles, machinery, equipment, and materials used in his contracting business without any objection from the City. The Planning Commission was aware of plaintiff's use of the property at the time it approved the lot split. In reliance on this implied

assurance, plaintiff purchased the property in 2001. The City's posture toward plaintiff abruptly changed in 2002 when McLaughlin was hired as the Chief Building Official. Defendants thereafter harassed plaintiff with criminal prosecution and civil litigation. For instance, while the former building commissioner had told plaintiff that a permit was not required to install a driveway on the property, McLaughlin issued several citations to plaintiff. The 2006 BZA hearing proceeded as scheduled without plaintiff's counsel although he had filed a motion for continuance. McLaughlin furnished false and misleading information at the hearing. McLaughlin continued to issue new citations during the pendency of the appeals regarding plaintiff's use of the property. Other property owners in the City were not issued citations or prosecuted criminally for similar conditions. If such owners were cited, defendants did not pursue recourse even where the conditions were not abated.

Plaintiff filed this Complaint setting forth three claims. Two claims remain: Count One, brought pursuant to § 1983, alleges that defendants selectively enforced the laws against plaintiff. Count Two alleges the taking of plaintiff's property without just compensation. [2]

This matter is now before the Court upon Defendants City of Olmsted Falls and Robert W. McLaughlin's Motion for Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376,

---

[2] Count Three had alleged a breach of fiduciary duty against defendants McConville and Grossman who, as previously noted, have been dismissed. McConville was the court appointed receiver. Grossman was the auctioneer.

378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant

5

summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

**(1) Count One**

Count One alleges, pursuant to § 1983 [3], that defendants selectively enforced the laws against plaintiff depriving him of due process and equal protection.

It has been recognized that

The Equal Protection Clause prohibits the selective enforcement of laws based on arbitrary classifications. To successfully plead a § 1983 claim of selective enforcement, plaintiffs must satisfy the following three elements: (1) a state actor must single out a person or persons belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations; (2) he must initiate the prosecution with a discriminatory purpose; and (3) the prosecution must have a discriminatory effect on the group to which plaintiff belongs. The standard for establishing a selective enforcement claim is a demanding one. State actors benefit from a strong presumption that they have properly discharged their duties; only clear evidence to the contrary will overcome this presumption.

*Conrad v. City of Berea*, 2017 WL 1050389 (N.D. Ohio Mar. 20, 2017) (internal citations and quotations omitted).

Defendants argue that the selective enforcement claim is barred by the doctrine of collateral estoppel. "Under Ohio law, the doctrine of res judicata encompasses the two related

---

[3] Count One actually alleges a " violation of 42 U.S.C. § 1983." Section 1983 authorizes private parties to enforce their federal constitutional rights against municipalities and state and local officials. It does not create substantive rights; it merely serves as a vehicle to enforce deprivations of "rights, privileges, or immunities secured by the Constitution and laws of the United States." *Turner v. Viviano*, 2005 WL 1678895, at *5 (E.D. Mich. July 15, 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). "One cannot go into court and claim a ˜violation of § 1983" -for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600 (1979).

concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel. Issue preclusion, or collateral estoppel, precludes the re-litigation, in a second action, of an issue that had been actually and necessarily litigated and determined in a prior action that was based on a different cause of action." *Yeager v. FirstEnergy Generation Corp.*, 2017 WL 2797424 (N.D. Ohio June 28, 2017) (internal citations and quotations omitted). Four elements are necessary to establish collateral estoppel: "(1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Georgia–Pac. Consumer Products LP v. Four–U–Packaging, Inc*., 701 F.3d 1093, 1098 (6th Cir. 2012) (citations omitted).

For the following reasons, the Court agrees with defendants that collateral estoppel bars plaintiff's selective enforcement claim because he previously raised this issue against the City and it was rejected. As discussed earlier, plaintiff appealed the 2006 decision of the City Council affirming the BZA denial of his application to have the use of his property declared a legal preexisting condition. The appeal to the Cuyahoga County Common Pleas Court included a claim that "the enforcement of the zoning ordinances in the instant matter deny the equal protection in the laws" in that "he has been singled out for prosecution under the zoning ordinances." Plaintiff cited case law which "announced that the burden for selective prosecution requires a showing..." Plaintiff noted, "The record establishes that past owners of the subject property were not prosecuted for similar violations and that present owners of surrounding properties are not so

7

prosecuted for similar uses." (Doc. 28-5, at 6-8). The judgment of the Common Pleas Court affirming the City's decision recognized that "Appellant also complains that enforcement of the zoning ordinances upon his real estate denies him equal protection of the law." The court concluded that upon review of the record, the City's action was not illegal, arbitrary, capricious, unreasonable, or otherwise unsupported by the preponderance of substantial, reliable, and probative evidence. (Doc. 28-6 at 3) Plaintiff appealed the decision of the Common Pleas Court, but the Eighth District Court of Appeals dismissed the appeal on November 26, 2007 at appellant's cost for failure to file a brief. (appeals.cuyahogacounty.us)

The elements of collateral estoppel are met. The precise selective enforcement issue was raised and litigated in the Common Pleas Court appeal; the determination of the issue was necessary in affirming the decision of the City; the Common Pleas Court appeal resulted in a final judgment on the merits; and the plaintiff had a full and fair opportunity to litigate the issue in the Common Pleas Court and on appeal.

Plaintiff maintains that collateral estoppel does not apply for several reasons. For the following reasons, the Court finds plaintiff's arguments unpersuasive. Plaintiff asserts that he was forced to present his case to the BZA without the benefit of counsel- presumably denying him the full and fair opportunity to litigate this constitutional issue. However, while plaintiff's counsel was not present at the administrative hearing due to the BZA's failure to consider his counsel's request for a continuance, plaintiff was represented by counsel in filing his brief in the Common Pleas Court where the issue of selective prosecution was raised. Accordingly, he had a full and fair opportunity to litigate the issue. Plaintiff asserts that he raised the selective prosecution issue during the course of his criminal proceedings, but defendants refused to

produce discovery. Nevertheless, plaintiff did raise the issue in the civil proceeding where there was a judgment on the merits. Plaintiff contends that the claims in the preceeding action and this action are not identical. However, as evidenced by the arguments made by plaintiff in his brief in the Common Pleas Court, the claims are identical. Finally, plaintiff points out that Ohio courts frown upon the use of criminal proceedings to estop parties in subsequent civil proceedings. However, the Court is not using plaintiff's prior guilty plea to estop this claim, but rather plaintiff's prior civil action.

For these reasons, the Court finds that collateral estoppel bars plaintiff's selective enforcement claim.[4]

Count Two alleges the taking of plaintiff's property without just compensation. According to the Complaint, this claim relates to the taking of plaintiff's chattel property and not his real property. The claim alleges that the City, through the appointed receiver and the auctioneer, did the taking.

---

[4] Because the Court concludes that collateral estoppel applies, it need not reach defendants' alternative arguments, i.e., portions of the selective enforcement claim are barred by the statute of limitations, plaintiff waived his selective enforcement claim by pleading guilty to a zoning violation in exchange for the dismissal of other citations, and the selective enforcement claim fails on the merits because the City's decision to prosecute plaintiff was not discriminatory in purpose or effect. The Court notes, however, that plaintiff has not, at a minimum, established the first element of a selective enforcement claim- he was singled out as a person belonging to an identifiable group, such as those of a particular race or religion, for prosecution even though persons not belonging to that group in similar situations were not prosecuted. Plaintiff does not dispute defendants' statement that plaintiff, as well as the other property owners he identifies who were supposedly treated differently, are white men or white couples. Furthermore, to the extent that the Complaint asserts a separate due process violation, plaintiff's brief makes clear that such a claim is based on defendants' alleged selective enforcement. (Doc. 40 at 14-16). Thus, it fails for all the reasons discussed herein.

9

Defendants argue that this claim is barred by the doctrine of collateral estoppel as well. This Court agrees. As discussed earlier, the City filed a nuisance action in the Common Pleas Court. (Case No. CV 14 835343) When plaintiff failed to abide by an agreed judgment entry to remove items from his property, a receiver was appointed. Plaintiff appealed the trial court order authorizing the receiver to sell the chattel at auction. In affirming the trial court, the Eighth District Court of Appeals rejected plaintiff's argument that "the trial court failed to oversee the receiver's management of the receivership estate by authorizing the receiver to sell the assets at his sole discretion, without the court's prior approval..." (Doc. 25 Ex. 3) The court of appeals concluded that the receiver had the authority to remove and auction the chattel, and that the trial court properly oversaw the process. (*Id.*) Although the plaintiff in that case did not expressly allege a takings claim, his allegation was the same as Count Two herein: the receiver exceeded his authority by improperly removing and auctioning the items.

Even if the claim is not collaterally estopped, the Court agrees with defendants that plaintiff waived his right to bring this claim when he signed the agreed judgment entry in the Common Pleas Court. Plaintiff agreed in the judgment entry that if he failed to perform (i.e., remove the identified chattel within the time line provided), the City had the right to enter the property, remove the chattel, and auction it at the City's sole discretion. The agreed judgment entry further stated, "Any proceeds from the auctioning or sale of the subject chattel property shall be applied toward the cost of removal." (Doc. 25 Ex. 2 at 5) It is not disputed that plaintiff failed to comply with the agreed judgment entry which precipitated the appointment of the receiver. (Doc. 25 Ex. 14) The Eighth District Court of Appeals, in affirming the removal and sale of the chattel, concluded that the City's actions were authorized under the agreed judgment

10

entry. The court stated that "by the terms of the agreed judgment entry, the city had full discretionary authority to enter the Columbia Road premises, remove the offending items... and then sell them at auction." (Doc. 25 Ex. 3) On this basis, plaintiff has waived his takings claim.

For these reasons, summary judgment is appropriate on Count Two.

**Conclusion**

For the foregoing reasons, Defendants City of Olmsted Falls and Robert W. McLaughlin's Motion for Summary Judgment is granted.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 8/14/17